IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01602-MEH

JEFFREY D. SHERMAN,

    Plaintiff,

v.

MOTOROLA SOLUTIONS, INC.,

    Defendant.

---

# ORDER ON MOTIONS IN LIMINE

---

**Michael E. Hegarty, United States Magistrate Judge**.

In this case, Plaintiff Jeffrey Sherman alleges he was employed by Defendant Motorola Solutions from October 1, 1977 to April 24, 2015. At the time he left Motorola, Sherman was classified as a Senior Systems Engineer, he was sixty years old, and he was the oldest member of his engineering team. Sherman alleges that Adam Quintana, who became the engineering team's supervisor in June 2014, treated Sherman differently from the outset in that he appeared cold and unfriendly toward Sherman. In February 2015, Quintana met with Sherman to discuss Sherman's job performance and, according to Sherman, Quintana asked him when he planned to retire; when Sherman responded that he planned to work another ten years, Quintana's demeanor visibly changed. After this meeting, Quintana determined to place Sherman on a performance improvement plan ("PIP"). Sherman claims that after the meeting, Quintana excluded Sherman from meetings with engineers and customers, which he had typically attended. Quintana notified Sherman on April

17, 2015 that he was placing Sherman on a PIP, and on April 23, 2015, Quintana and human resources representatives met with Sherman by conference call to discuss the specifics of the PIP. Sherman stated during the meeting that he intended to resign, and the next day, Sherman signed a resignation form stating he had "irreconcilable differences with management." Sherman alleges that Motorola constructively discharged him from employment because of his age and retaliated against him by increasing PIP task requirements after he made complaints of age bias to management.

Motorola counters that placing Sherman on the PIP was completely appropriate considering Sherman's performance issues. Motorola also contends that Sherman voluntarily chose to resign from Motorola rather than work with management to improve his performance. Motorola also denies Sherman's allegations concerning any references to Sherman's age. Essentially, Motorola asserts that it acted appropriately and lawfully at all relevant times with respect to Sherman.

Both parties have timely filed motions seeking the exclusion of evidence at trial in this case. Motorola's motion asks the Court to exclude Sherman's testimony regarding a conversation with his son concerning alleged discrimination, as well as evidence regarding events that happened in 2005 and earlier. Sherman requests that the Court exclude certain exhibits and related testimony concerning Sherman's job performance in 2013 and 2014, which allegedly were not considered by the decision maker, Adam Quintana.

The Court finds Motorola has demonstrated that Sherman's son's "opinion" regarding whether Sherman suffered discrimination is inadmissible and that Sherman's evidence of events prior to 2005, offered to support Sherman's dismissed failure-to-promote claim, is irrelevant. In addition, the Court concludes Sherman has failed to establish the inadmissibility of Motorola's

exhibits and finds, instead, that the parties must present to the jury the question of whether Quintana considered the exhibits (or the content therein) in deciding to place Sherman on a performance improvement plan.

**I.      Motorola's Motion**

Motorola contends that the challenged evidence Sherman seeks to introduce is irrelevant, unfairly prejudicial to Motorola, and "likely to confuse and mislead the jury." The Federal Rules of Evidence govern the admissibility of "relevant" evidence. Rule 401 instructs that:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. Rule 402 requires that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Finally, Rule 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The district court has considerable discretion in performing the Rule 403 balancing test." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001).

     A.      <u>Testimony Regarding Conversation Between Sherman and His Son</u>

First, Motorola challenges testimony Sherman intends to introduce regarding Sherman's conversation with his son approximately one-to-three weeks after Sherman left employment with Motorola. Sherman wishes to introduce this evidence to demonstrate that he did not understand at

3

the time he left Motorola that he might have a legal claim.

Deposition testimony reveals that during the conversation between Sherman and his son, who was a lieutenant colonel in the Marine Corps. serving as a Veterans' Administration benefits counselor, Sherman explained to his son the circumstances surrounding his departure from Motorola, and his son expressed his belief that Sherman suffered "disparate treatment," of which Sherman had never heard. Sherman seeks to introduce this evidence to rebut Motorola's argument that Sherman failed to list as a reason for his resignation that he suffered age discrimination at Motorola.

Motorola contends the conversation between Sherman and his son constitutes inadmissible hearsay and improper opinion testimony from a lay witness and, otherwise, the testimony would cause Motorola extreme prejudice by allowing "the alleged opinion of a Lieutenant Colonel in the Marines relating to age discrimination." First, the rules of evidence define hearsay as, "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "A statement is not considered hearsay, however, if the significance of the statement lies solely in the fact that it was made, not in the truth of its contents." *Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*, 311 F. Supp. 2d 1048, 1116 (D. Colo. 2004) (citing Fed. R. of Evid. 801(c) advisory committee note). The Court finds that Sherman has demonstrated the testimony is intended solely for the purpose of establishing when he became aware that he might have a legal claim, not for the purpose of establishing that he suffered age discrimination. Therefore, the Court will allow Sherman to testify about the time and manner in which he became aware of the possibility

4

of age discrimination, in the event Motorola introduces evidence of Sherman's omission in his resignation letter of the possibility of age discrimination.

Regarding whether Sherman's son's "opinion" that Sherman suffered "disparate treatment" is improper lay witness testimony, the Court finds that the testimony may be expressed in such a way to further Sherman's purpose and to avoid any potential jury confusion by permitting Sherman to testify only as to the information he received from his son regarding potential discrimination, and not that Sherman's son believes Sherman suffered "disparate impact." In this regard, the Court will grant in part the motion to limit Sherman's testimony regarding the conversation with his son by ordering that Sherman refrain from expressing his son's opinion as to whether Sherman suffered discrimination. *Smith v. BNSF Ry. Co.*, No. CIV-08-1203-D, 2011 WL 4346341, at *7 (W.D. Okla. Sept. 15, 2011) ("A witness may not . . . express an ultimate opinion on a legal issue which must be defined by the Court's instructions to the jury.") (citing *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988), *cert. denied*, 488 U.S. 1008 (1989)); *see also United States v. Kingston*, 971 F.2d 481, 486 (10th Cir. 1992) ("lay witnesses and even expert witnesses are not permitted to give opinions as to what the law is.").

### B. Evidence Concerning Events That Occurred in 2005 and Earlier

Motorola seeks to prohibit Sherman from proffering evidence and/or testimony concerning projects on which Sherman worked in 2005 and earlier, arguing the such evidence is irrelevant. Sherman counters that the evidence and testimony is necessary to rebut Motorola's evidence concerning "the reasons Sherman was not promoted to an E-09 [level engineer]." Resp. 5. Sherman contends that the evidence, including all of the projects Sherman worked on and his performance

5

appraisals from the challenged time period, are "relevant to the question of whether Motorola's stated reasons for its failure to promote Sherman were genuine or merely a pretext for discrimination." *Id.* at 6.

On August 16, 2017, the Court issued an order granting in part and denying in part Motorola's motion for summary judgment, and concluding that "Sherman's claims for failure to promote in violation of the ADEA and CADA are dismissed." Order 30, ECF No. 75. Therefore, any evidence offered for the purpose of prosecuting or defending a claim for failure to promote based on age discrimination in this case is irrelevant and will not be permitted. The motion is granted in this respect.

## II. Sherman's Motion

Sherman seeks the exclusion of certain exhibits Motorola listed in the Final Pretrial Order—Exhibits 4–17, 48, 49—arguing that the decision maker, Adam Quintana, testified that he either had no knowledge of these exhibits or did not consider them in his decision to place Sherman on a performance improvement plan. Mot. ¶ 5. The challenged exhibits consist primarily of email messages dated between November 2013 and January 2015. Mot. 2–3. Motorola counters that the challenged exhibits are necessary to rebut Sherman's claim that his work performance was "exemplary" throughout his employment with Motorola.

In the operative Complaint, Sherman alleges he engaged in "competent, efficient, and exemplary work" and "received commendations and favorable performance appraisals, **prior to 2014**, when [Quintana] . . . became his direct supervisor . . . . Prior to Quintana becoming his supervisor, Sherman received merit salary increases each year based upon his exemplary work."

Compl. ¶ 8 (emphasis added). Sherman has continued to make the same or similar assertions during this litigation. *See* Scheduling Order 2, ECF No. 21 ("until the time that Adam Quintana became his supervisor in June 2014, Sherman had performed his duties in a manner that exceeded the non-discriminatory expectations of Motorola, and received praise and good evaluations from his previous managers"); Resp. to Mot. Summ. J., ECF No. 49 ("Plaintiff is an engineer who worked for Motorola for thirty-seven years, during which he received annual performance-based bonuses, had a spotless disciplinary record, received awards from his coworkers for his work, and was consistently rated as a "Valued Performer" in his annual performance reviews."). The Court finds these allegations open the door to rebuttal evidence, if any, concerning Sherman's work performance "prior to 2014."

Furthermore, I conclude that the challenged exhibits are relevant and may serve as rebuttal evidence in this case, in which the jury will be asked to determine whether Motorola's placement of Sherman on a performance improvement plan was discriminatory. Whether Sherman's work performance was actually "exemplary" is a question of fact for the jury and, thus, the question goes to the weight of the evidence, rather than to its admissibility. In addition, the evidence reflects that Quintana may or may not have seen and/or considered the content of some of the emails challenged by Sherman. *See* Deposition of Adam Quintana, November 18, 2017, 149: 11–22; 154: 14 – 155: 10; 156:5–16, ECF No. 83-2. Certainly, both parties will be free to explore this issue, and whether the exhibits (or content therein) contributed to Quintana's decision, on direct and cross examination.

### III. Conclusion

Motorola has demonstrated that Sherman's son's opinion as to whether Sherman suffered

discrimination is not admissible and, therefore, Motorola's motion is granted to exclude testimony regarding this opinion, but Sherman may discuss his conversation with his son for the purpose of demonstrating *when* he learned he may have a possible legal claim if Motorola introduces evidence of Sherman's omission in his resignation letter of the possibility of age discrimination.  In addition, because the Court has dismissed Sherman's failure-to-promote claim, Motorola has demonstrated the evidence Sherman seeks to introduce concerning events that occurred before 2005 is irrelevant, to the extent it is offered in support of the failure-to-promote claim, and will not be admitted for that purpose.  Finally, Sherman has failed to demonstrate the inadmissibility of Motorola's exhibits 4–17, 48, and 49 and, thus, the Court will deny Sherman's motion at this time, and will determine any appropriate objections at such time as Motorola seeks to admit the exhibits at trial.

Accordingly, Plaintiff's Motion in Limine to Exclude Certain Trial Exhibits [filed February 6, 2018; ECF No. 83] is **granted in part and denied in part**, and Defendant's Motion in Limine Number Four [filed February 6, 2018; ECF No. 86] is **denied**.

Dated at Denver, Colorado this 26th day of February, 2018.

                                        BY THE COURT:

                                        *Michael E. Hegarty*

                                        Michael E. Hegarty
                                        United States Magistrate Judge